IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Kelvin L. Hargrove,     )
   Petitioner,     )
            )
v.            )   1:08cv1242 (CMH/JFA)
            )
Warden, Nottoway Correctional Center, )
   Respondent.     )

MEMORANDUM OPINION

Kelvin L. Hargrove, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of first degree murder entered on a jury verdict in the Circuit Court for Hanover County, Virginia. On April 24, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Hargrove was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted not to file a response. For the reasons that follow, Hargrove's claims must be dismissed.

I.

On August 15, 2005, Hargrove was convicted of first degree murder for the stabbing death of his wife, Cynthia, in the Circuit Court for Hanover County. Commonwealth v. Hargrove, Case No. CR04-000777. Consistent with the jury's recommendation, the court sentenced Hargrove to thirty-five (35) years imprisonment.

Hargrove pursued a direct appeal to the Court of Appeals of Virginia, arguing that the trial court erred in denying his motion to strike the first degree murder charge where the evidence was insufficient as a matter of law to prove that Hargrove acted with premeditation and malice

aforethought when he killed his wife. On April 19, 2006, the Court of Appeals of Virginia denied

Hargrove's petition for appeal, finding that "[b]ased upon the number of stab wounds, the amount

of blood in the kitchen, the lack of any wounds or obvious injuries to appellant, except for the cut

on his right thumb, and the size and deadly character of the butcher knife, a rational juror could infer

that appellant intended to kill Cynthia and that he carried out his purpose by brutally stabbing her

in the chest and abdomen seven times, inflicting a fatal wound to her heart." Hargrove v.

Commonwealth, R. No. 2821-05-2 (Va. Ct. App. Apr. 19, 2006), slip. op. at 12; Resp. Ex. 3.

On September 26, 2006, Hargrove filed a petition for a state writ of habeas corpus in the

Circuit Court for Hanover County, raising the following claims:

1.   An appeal was not perfected to a three-judge panel of
     the Court of Appeals and an appeal was not perfected
     to the Virginia Supreme Court.

2.   Ineffective assistance of counsel where his lawyers
     did not argue manslaughter or heat of passion.

3.   Ineffective assistance of counsel where his lawyers
     did not submit a jury instruction on manslaughter or
     heat of passion.

4.   Ineffective assistance of counsel where his lawyers
     did not suppress his involuntary statement to the
     police.

5.   Ineffective assistance of counsel where his lawyers
     did not investigate the victim's 'diminished mental
     capacity' of 'anger' and 'violence.'

On December 14, 2006, Hargrove's first claim as listed above was granted, and he was

allowed to pursue a delayed appeal in the Supreme Court of Virginia. Hargrove's remaining claims

were dismissed, with prejudice. Hargrove v. Dir., Dep't of Corrections, Case No. 085 CL 06000837-

00; Resp. Ex. 2. On his belated appeal, Hargrove argued that the evidence was insufficient to sustain his conviction of first degree murder, and the Supreme Court of Virginia refused the appeal on October 7, 2008. <u>Hargrove v. Commonwealth</u>, R. No. 081096 (Va. Oct. 7, 2008); Resp. Ex. 4.

Hargrove also petitioned the Virginia Supreme Court for review of the denial of his habeas corpus application by the Hanover Circuit Court. However, the only issue Hargrove raised was whether the order denying habeas corpus relief met the requirements of Virginia Code § 8.01-654(B)(5), which requires that a court make findings of fact and conclusions of law part of the record, and Supreme Court Rule 3A:24. No discussion of the substantive claims refused by the circuit court was included in Hargrove's petition; in fact, the substantive claims were not enumerated or described at all. Resp. Ex. 2. The Virginia Supreme Court refused the appeal on June 27, 2007. <u>Hargrove v. Dir.</u>, R. No. 070686 (Va. Jun. 28, 2007); Resp. Ex. 2.

On November 7, 2008, Hargrove filed the instant petition for § 2254 relief,[1] raising the following claims:

1.    He received ineffective assistance of counsel because his attorneys did not argue manslaughter or heat of passion.

2.    He received ineffective assistance of counsel because his attorneys did not submit jury instructions on manslaughter or heat of passion.

3.    He received ineffective assistance of counsel because his attorneys did not suppress his involuntary statement to the police.

---

[1] A habeas corpus petition submitted by an incarcerated <u>pro se</u> litigant is deemed filed when the prisoner delivers his pleading to prison officials. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Here, Hargrove executed his petition under penalty of perjury on November 7, 2008, so the petition presumably was placed in the prison mailing system that same day. Pet. at 7.

4.    He received ineffective assistance of counsel where his lawyers did not investigate the victim's 'diminished mental capacity' of 'anger' and 'violence.'

5.    The trial court erred in refusing to instruct the jury on manslaughter and heat of passion where more than a scintilla of evidence supported the elements of those offenses.

6.    The trial court erred when it failed to reduce the charges from first degree murder to manslaughter where there was evidence that supported the defense theory of sudden heat of passion.

Docket # 2.

On April 24, 2009, respondent filed a Rule 5 Answer and a Motion to Dismiss Hargrove's claims. Hargrove elected not to file a reply. See Docket # 11. Accordingly, this matter is now ripe for review.

## II.

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in

4

Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

### III.

At this juncture, all of petitioner's present claims are procedurally barred from federal review. First, none of the claims has been exhausted in the state forum, because they were not presented to the Virginia Supreme Court for review. Although Hargrove raised claims 1 through 4 as listed above in his habeas corpus petition filed in the Circuit Court for Hanover County, he failed to challenge the dismissal of those claims in his subsequent appeal to the Virginia Supreme Court. Resp. Ex. 2. Similarly, claims 5 and 6 of this petition have never been presented to the Virginia courts, so they

5

also remain unexhausted.

Although Hargrove did not properly present his claims to the Supreme Court of Virginia, they are nonetheless treated as exhausted because petitioner is now precluded from raising them in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(A)(2) (providing a statute of limitations for state habeas petitions) and Virginia Code § 8.01-654(B)(2) (barring successive state habeas petitions). Therefore, the instant claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Additionally, petitioner has not shown cause sufficient to excuse his default or prejudice resulting therefrom. Accordingly, as all of the claims raised in this petition are procedurally barred from federal review, the petition must be dismissed.

## III.

For the foregoing reasons, this petition will be dismissed.  An appropriate Order shall issue.

Entered this __21st__ day of __October_____ 2009.

Alexandria, Virginia

_____/s/_____
Claude M. Hilton
United States District Judge

7